UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHARLES MELVIN,

Defendant.

**ORDER**

20-CR-00592 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 9, 2020, Defendant waived indictment and was charged by Information with one count of conspiracy to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846 (the "Information"). (Doc. 10). Specifically, the Information charges Defendant with conspiring—from in or about July 2020 up to and including in or about October 2020—to distribute and possess with intent to distribute: (a) 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B); (b) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (c) mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C). (*Id*.).

On July 16, 2021, Defendant filed a motion to dismiss the Information, a memorandum of law in support thereof, and a declaration by his attorney, Andrew Patel. (Doc. 37; Doc. 37-1, "Patel Decl."; Doc. 38, "Def. Br."). The Government filed its opposition on August 30, 2021. (Doc. 39, "Opp."). The motion was fully submitted on September 29, 2021 with the filing of Defendant's reply memorandum of law in further support of dismissal. (Doc. 43).

For the following reasons, Defendant's motion is DENIED.

**STANDARD OF REVIEW**

"The Federal Rules of Criminal Procedure encourage succinct criminal pleadings." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (citing Fed. R. Crim. P. 7(c)(1)). With this principle in mind, the Supreme Court has "identified two constitutional requirements for [a charging instrument]: first, that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (cleaned up). To meet that standard "[i]n this Circuit, an Information need do little more than track the language of the statute and state the approximate time and place of the alleged crime." *United States v. Santiago*, No. 15-CR-00892, 2016 WL 750297, at *2 (S.D.N.Y. Feb. 22, 2016). At bottom, "the Court's task is a narrow one—it is not concerned with whether the Government will have sufficient evidence to meet its burden of proof as to each element of the charged conspiracies at trial," but rather, "is concerned solely with whether the nature of the alleged conduct, if proven, legally constitutes the crimes charged, and whether the defendant has had sufficient notice of the illegality of such conduct." *United States v. Ulbricht*, 31 F. Supp. 3d 540, 555 (S.D.N.Y. 2014).

**ANALYSIS**

The dispute here is whether the Information is sufficient, on its face, as a matter of law. Defendant, challenging the Information's sufficiency, focuses on evidence that shows him participating in a narcotics transaction with a government informant and a law enforcement officer

on July 30, 2020. (Def. Br. at 3).[1] Defendant argues that, because this evidence shows that no one other than a government informant and a law enforcement officer was involved in the July 30, 2020 transaction, he could not, as a matter of law, have participated in the alleged multi-month conspiracy. (*Id*. at 4). That is because "'[a] person who enters into such an agreement while acting as an agent of the government, either directly or as a confidential informant, lacks the criminal intent necessary to render him a *bona fide* co-conspirator.'" *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006) (quoting *United States v. Vazquez*, 113 F.3d 383, 387 (2d Cir. 1997)). Defendant, therefore, contends that the Information is legally insufficient and should be dismissed.

Defendant's argument is improper, however, because it goes "to whether the Government can *prove* the elements of the alleged crime[], as opposed to whether the Information properly *alleges* the elements of the crime[]." *Santiago*, 2016 WL 750297, at *2 (emphasis in original). Indeed, on a motion to dismiss, the Court need only consider whether the Information properly "track[s] the language of the statute and state[s] the approximate time and place of the alleged crime." *Id*. at *2. Here, the Information does exactly that. It alleges that from in or about July 2020 up to and including in or about October 2020, in the Southern District of New York, Defendant conspired with "others known and unknown" to violate the narcotics laws of the United States. (Doc. 10). This "tracks the statutory language of 21 U.S.C. § 846, the conspiracy statute, [and] 21 U.S.C. § 841, the substantive narcotics statute that the conspirators allegedly agreed to violate," and "alleges the approximate time . . . and place . . . of the conspiracy." *United States v. Asencio*, No. 04-CR-01079, 2005 WL 8166993, at *2 (S.D.N.Y. Mar. 21, 2005). The Information, therefore,

---

[1] Defense counsel, in his declaration, annexes a DVD containing audio and video recordings apparently documenting this July 30, 2020 transaction. (Patel Decl., Ex. A). Because the Court's inquiry is limited to whether the Information is legally sufficient, the Court finds it inappropriate, and ultimately, unnecessary, to review the DVD at this stage. *See Santiago*, 2016 WL 750297, at *2 (on a motion to dismiss, "[t]he court is limited to the face of the Information and all the facts therein must be accepted as true" (citing *United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999))).

is valid on its face. *See id.*; *see also United States v. Rodriguez*, No. 04-CR-00509, 2005 WL 323742, at *1 (S.D.N.Y. Feb. 9, 2005) (finding indictment alleging that "defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States" is "sufficient on its face as a matter of law").

The Court's inquiry ends here, because it is a question for the jury whether the Government can establish that, between July 2020 and October 2020, Defendant conspired with individuals other than government informants or undercover officers to violate the narcotics laws. *See Santiago*, 2016 WL 750297, at *3 ("[W]hether the Government can prove the elements of the alleged crimes is a question for the jury."). Indeed, the Second Circuit has specifically found that whether the Government has proven the existence of a conspiracy is a question of fact to be decided by a jury. *See United States v. Berger*, 224 F.3d 107, 114 (2d Cir. 2000); *see also United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995).

Accordingly, because the Information tracks the language of the statute and states the approximate time and place of the alleged crime, and because the question of whether the Government can prove the elements of the alleged crime is a question for the jury, the Court finds the Information to be, on its face, legally sufficient.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the Information.

The Clerk of the Court is respectfully requested to terminate the motion sequence pending at Doc. 37.

SO ORDERED:

Dated:    White Plains, New York
          December 13, 2021

_____
PHILIP M. HALPERN
United States District Judge