UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

UNITED STATES OF AMERICA            :

                          :

    - v. -                    :         20 Cr. 592 (PMH)

CHARLES MELVIN,
   a/k/a "Flip,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

> Application granted. The unopposed Preliminary Order of Forfeiture will be separately docketed. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 98).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         June 22, 2026

**GOVERNMENT'S MOTION IN S... PRELIMINARY ORDER OF FORFEITU...**

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of CHARLES MELVIN (the "Defendant") as a substitute asset, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about March 25, 2024.

**I.**    **Background**

    **A.**    **The Information**

On or about November 9, 2020, the Defendant was charged in a one-count Information, 20 Cr. 592 (PMH) (the "Information"), with conspiracy to distribute and to possess with intent to distribute narcotics, including cocaine base, fentanyl, and heroin, in violation of Title 21, United States Code, Section 846 (Count One).

The Information included a forfeiture allegation seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner

or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained.

On or about September 22, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $5,060 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information.

**B.      The Order of Forfeiture**

On or about March 25, 2024, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, imposing a forfeiture money judgment against the Defendant in the amount of $5,060 in United States currency (the "Money Judgment") representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained (D.E. 97).

To date, the entire Money Judgment entered against the Defendant remains unpaid.

**C.      The Location of Additional Assets**

a.      As set forth in the accompanying Declaration of Special Agent Robert Cappadona, on or about October 8, 2020, law enforcement agents seized the following currency from the residence of the Defendant in Newburgh, New York, while conducting an arrest of the Defendant: $5,060.00 in United States currency from the residence of the Defendant in Newburgh, NY

(the "Substitute Asset").

The United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the

assets of the Defendant. Accordingly, the United States is now seeking to forfeit the Defendant's interest in the Substitute Asset and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

For the following reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

## II.   Discussion

Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred or sold to, or deposited with, a third party;
>
> (C) has been placed beyond the jurisdiction of the court;
>
> (D) has been substantially diminished in value; or
>
> (E) has been commingled with other property which cannot be divided without difficulty;

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

Rule 32.2(e) of the Federal Rules of Criminal Procedure further provides that:

> On the government's motion, the court may *at any time* enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> * * *
>
> is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1)(B) (emphasis added).

Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or

3

obtain the specific proceeds of the defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

For the foregoing reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

III.    Conclusion

For the foregoing reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forfeiting all of the Defendant's right,

title, and interest in the Substitute Asset to the United States and granting such other relief as may

be deemed necessary and appropriate.


Dated: New York, New York
      June 3, 2026

                          JAY CLAYTON
                          United States Attorney for the
                          Southern District of New York

By:   _____
                          Michael D. Lockard
                          Co-Chief, Illicit Finance and
                          Money Laundering Unit
                          (212) 637-2193

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

CHARLES MELVIN,
   a/k/a "Flip,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

20 Cr. 592 (PMH)

WHEREAS, on or about November 9, 2020, CHARLES MELVIN, a/k/a "Flip" (the "Defendant"), was charged in a one-count Information, 20 Cr. 592 (PMH) (the "Information"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, on or about, September 22, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $5,060 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about March 25, 2024, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $5,060 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained (D.E. 97);

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

a.    $5,060.00 in United States currency from the residence of CHARLES MELVIN (the "Defendant") in Newburgh, NY

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.    Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3.    Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall

2

publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: White Plains, New York
              _____, 2026

SO ORDERED:

_____
HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

4